NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0140n.06
Filed: December 2, 2004

No. 03-4052

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Marjan Mirditaj, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | PETITION FOR REVIEW OF AN |
| | ) | ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| John Ashcroft, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

**Before: RYAN, COLE and ROGERS, Circuit Judges.**

**Rogers, Circuit Judge.** Marjan Mirditaj petitions for review of the Board of Immigration Appeals (BIA) decision to deny his motion to reopen[1] deportation proceedings. Mr. Mirditaj argues the BIA abused its discretion in denying the motion for reconsideration because it failed to consider intervening case law and relevant regulations, and that the BIA's failure to consider a particular regulation amounted to a violation of due process. The BIA did not abuse its discretion in denying the motion for reconsideration because the intervening case law was not binding on the BIA and the regulation cited by Mr. Mirditaj's was passed prior to his initial appeal to the BIA. Mr. Mirditaj's due process argument is also without merit.

---

[1]Although styled a "Motion to Reopen" by Mr. Mirditaj and the BIA, this is technically incorrect because Mr. Mirditaj raised legal, rather than factual, grounds in the motion. *See* 8 C.F.R. §§ 1003.2(b)(1) & (c)(1) (2004). Mr. Mirditaj's motion should have been styled a motion for reconsideration, and this opinion accordingly refers to it as such.

Mr. Mirditaj, a citizen of Yugoslavia, is a 24 year old ethnic Albanian from Eagota, Kosovo. As part of the Serb campaign of the 1990's directed against ethnic Albanians in Kosovo, Mr. Mirditaj was arrested for studying the Albanian language, illegal under the Serb regime, and was beaten "badly" after his arrest. After Mr. Mirditaj received a letter drafting him into the Serbian army in 1998, he fled to the United States.

Following his arrival in the United States, Mr. Mirditaj was served with a notice to appear charging he was removable under the Immigration and Nationality Act. 8 U.S.C. § 1182(a)(6)(A)(i) (2000). Mr. Mirditaj appeared and conceded the charge of removal, but filed an application for asylum and withholding of deportation. In May of 2000, a hearing on Mr. Mirditaj's asylum petition was held before an Immigration Judge who, at the conclusion of the hearing, denied Mr. Mirditaj's asylum application. The judge found Mr. Mirditaj to be credible, but determined that he had not established either past persecution or a well founded fear of future persecution. Mr. Mirditaj then appealed to the BIA.

On December 30, 2002, the BIA affirmed the denial of the application for asylum without opinion. Following the BIA decision, Mr. Mirditaj filed a motion for reconsideration based on a subsequent Ninth Circuit decision, *Hoxha v. Ashcroft*, 319 F.3d 1179 (9th Cir. 2003), and an intervening regulation, 8 C.F.R. § 208.13(b)(1)(iii)(B) (2004). The BIA denied the motion to reconsider in July of 2003, refusing to apply the Ninth Circuit precedent. The BIA did not directly address the regulation in its decision, but stated that Mr. Mirditaj failed to cite any new statutes or regulations in his motion for reconsideration. Mr. Mirditaj now appeals the denial of his motion to

reconsider.

The BIA's decision to deny a motion for reconsideration is reviewed for abuse of discretion. *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003). The BIA abuses its discretion in denying a motion for reconsideration "when it acts arbitrarily, irrationally or contrary to law." *Id.* (citing *Babai v. INS*, 985 F.2d 252, 255 (6th Cir.1993)). We deny Mr. Mirditaj's petition for review because the BIA did not abuse its discretion in denying the motion for reconsideration based on an intervening Ninth Circuit decision or regulation, and Mr. Mirditaj has failed to establish the prejudice necessary to sustain a due process claim that would support a petition for review.

The BIA did not abuse its discretion in denying the motion for reconsideration based on the Ninth Circuit decision in *Hoxha v. Ashcroft*, 319 F.3d 1179 (9th Cir. 2003). While "[t]he BIA is required to follow court of appeals precedent within the geographical confines of the relevant circuit," the precedent of the Ninth Circuit is not binding on the BIA in a case originating within the Sixth Circuit. *See Abdulai v. Ashcroft*, 239 F.3d 542, 553 (3d Cir. 2001); *Matter of Anselmo*, 20 I&N Dec. 25, 31 (BIA 1989) ("Where [the BIA] disagree[s] with a court's position on a given issue, [the BIA] decline[s] to follow it outside the court's circuit."). The Ninth Circuit determined in *Hoxha* that the well documented and extensive abuse of ethnic Albanian Kosovars lowered the threshold showing required to apply successfully for asylum. *See* 319 F.3d at 1182-83. While the circumstances of Mr. Hoxha and Mr. Mirditaj are factually similar, the BIA was not bound by the decision in *Hoxha*, and the BIA did not abuse its discretion in declining to follow the decision of the

Ninth Circuit in a case originating within the Sixth Circuit.

Further, the BIA did not abuse its discretion in denying the motion for reconsideration based on an "intervening" regulation, 8 C.F.R. § 208.13(b)(1)(iii)(B) (2004). The regulation cited by Mr. Mirditaj became effective six months prior to his initial appeal to the BIA and therefore the BIA did not abuse its discretion in concluding that Mr. Mirditaj had not cited any new statutes or regulations that would support a motion to reconsider. *See* 65 Fed. Reg. 76121 (Dec. 6, 2000) (effective date of changes to portions of 8 C.F.R. 208.13 is January 5, 2001). In any event, 8 C.F.R. § 208.13(b)(1)(iii)(B) (2004) is inapplicable to Mr. Mirditaj because the regulation requires a showing of past persecution. The immigration judge found that Mr. Mirditaj failed to establish past persecution and the BIA affirmed that decision. Therefore, Mr. Mirditaj falls outside the protection of 8 C.F.R. § 208.13(b)(1)(iii)(B).

Mr. Mirditaj's due process claim is also based on 8 C.F.R. § 208.13(b)(1)(iii)(B) (2004) and is similarly without merit.

For the foregoing reasons, we DENY Mr. Mirditaj's petition for review.