JULIA SMITH GIBBONS, Circuit Judge,
concurring.
I fully concur with the conclusions of the majority opinion but write separately to *485 emphasize a couple of points that are particularly important to my reasoning.
First, the record in these cases consists only of evidence presented by Kiegemwe, Luambano, and Tembo. Thus, when the BIA and the IJ concluded that the appellants had not established that a reasonable person in their circumstances would fear persecution if returned to Tanzania, they did not do so based on evidence contrary to that presented by appellants. And appellants without question presented evidence that supported the objective component of their asylum claims. Given this record, examination of the reasoning utilized by the BIA in rejecting the claims is critical to ascertaining whether the BIA’s findings are supported by substantial evidence and whether any reasonable adjudicator would be compelled to conclude to the contrary.
The BIA’s analysis largely consisted of rejecting an analogy made by appellants’ expert and embracing an analogy of its own. Initially, the BIA found inapt the petitioners’ analogy to street children of Tanzania who suffer government retaliation for causing embarrassment. The BIA, however, was careful not to “misinterpret” the analogy to street children as the Third Circuit determined it had in Lusingo’s case. Rather than rejecting the analogy because petitioners were not street children, as it had done previously, the BIA rejected the analogy to “individuals who have embarrassed the government” as too broad to be persuasive. Then, the BIA found apt an analogy to the petitioners’ parents who had suffered no consequence from the petitioners’ actions. The Third Circuit specifically concluded that lack of consequence to the parents was insignificant in Lusingo’s case. But the BIA failed to comprehend what the Third Circuit recognized-that petitioners’ parents were in a very distinct position from petitioners.
Despite its discussion of the analogies to street children and to petitioners’ parents, the BIA rejected the most instructive analogy available — Lusingo. This is not to say that the BIA was required to follow the Third Circuit’s precedent. See Mirditaj v. Ashcroft, 116 Fed.Appx. 733, 735 (6th Cir.2004) (“While ‘[t]he BIA is required to follow court of appeals precedent within the geographical confines of the relevant circuit,’ the precedent of the [outside circuit] is not binding on the BIA in a case originating within the Sixth Circuit.”); see also De la Rosa v. U.S. Att’y Gen., 579 F.3d 1327, 1336 (11th Cir.2009) (“[Reliance on unpublished BIA decisions is misplaced as the BIA accords no precedential value to its unreported decisions.” (citing Matter of Zangwill, 18 I. & N. Dec. 22, 27 (BIA 1981))). Still, given its analytic approach, the BIA’s failure to deal with the identical circumstances of Lusingo and the appellants before us now is puzzling.
Like the Third Circuit in Lusingo, we find the BIA’s reasoning unsound — -so unsound that it cannot be said to be based on substantial evidence. Indeed, all the evidence points to a conclusion that appellants did establish the objective component of their asylum claims, and the BIA’s reasoning fails to justify its rejection of the evidence. Under these circumstances, any reasonable adjudicator would be compelled to agree that appellants had supported their claim.
Second, the BIA’s failure to explain its differential treatment of Lusingo and the appellants before us is troubling. The BIA has recognized the principle that similarly situated applicants for asylum are to be treated similarly, see Perkovic v. I.N.S., 33 F.3d 615, 621 (6th Cir.1994), but in this case nearly identical applicants received opposite results. In 2005, after the Third *486 Circuit’s reversal of the original BIA decision, Fikiri Lusingo was granted asylum. The only material distinction between the petitioners today and Lusingo then is the passage of time. Indeed, the arguments brought before the Third Circuit hardly differ from those before our court. Surely, responsible consideration of these claims would have required the articulation of some basis for differentiation other than a reminder that the BIA was not required to follow the Third Circuit. One would hope that in the future the BIA might seek consistency of result in keeping with fundamental fairness.