NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0885n.06
Filed: December 7, 2006

No. 06-3179

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| IBRAHIM BAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF AN |
| | ) | ORDER OF THE BOARD OF |
| ALBERTO R. GONZALES, Attorney | ) | IMMIGRATION APPEALS |
| General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: MARTIN, NORRIS and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Petitioner Ibrahim Bal, a Mauritanian, petitions for review of the denial by the Board of Immigration Appeals (BIA) of his motion to reconsider its denial of his petition for asylum pursuant to § 208 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1158, voluntary withholding of removal pursuant to § 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), and withholding of removal pursuant to the United Nations Convention Against Torture (CAT), 8 C.F.R. § 1208.16. In denying Bal's motion, the BIA did not reconsider its decision to affirm summarily the decision of an immigration judge (IJ) who held that Bal did not demonstrate a well-founded fear of future persecution. For the following reasons, we deny Bal's petition for review.

I.

-1-

Bal was born in 1979 and resided with his uncle in Nouakchott, Mauritania, from 1988 through his departure for the United States in October 2000. In 1990, police arrested Bal's uncle, searched his home for propaganda material, raped Bal's aunt and cousin, and beat Bal. Bal's uncle was detained for one month. According to Bal's testimony, nothing else bad happened to him after the 1990 beating, he has never been threatened, and he was not involved in politics. In 1991, Bal's uncle joined and became active in the Union des Forces Democratique Ere Nouvelle (UFDEN) political party. Bal's uncle was arrested twice more: in 1998 for participating in an anti-government demonstration, for which he was detained three or four days, and in 2000 for his political activities, for which he was detained for twenty days. The evidence is inconsistent as to three issues: (1) whether Bal's uncle lost his government job teaching at the University of Nouakchott in 1998 or 2000; (2) whether the dismissal was related to his political activities; and (3) whether he was able to find other employment teaching at a private school.

After his third arrest, Bal's uncle was warned that his family would be in danger if he did not join the ruling political party. Shortly thereafter, Bal left for the United States, entering illegally with fraudulent documents in October 2000. Although Bal's cousin had already moved to France for other reasons, Bal's uncle and aunt remained in Mauritania. In a letter to Bal dated July 20, 2001, Bal's uncle said that he was waiting until November 2001 to see whether the government would let him join the state service but that he did not believe that he was safe. In a letter to Bal dated November 27, 2001, Bal's cousin advised him that his uncle and aunt lived in fear and often had their mail read.

Bal filed an application for asylum, and the Immigration and Naturalization Service, now the Bureau of Customs and Immigration Enforcement, issued a Notice to Appear, charging Bal with

removability under § 237(a)(1)(A) of the INA. Bal admitted all of the allegations, conceded removability, and renewed his application for asylum, withholding of removal, and relief under the CAT. An IJ conducted a hearing, denied all forms of relief, and ordered Bal removed to Mauritania. Bal filed a timely appeal with the BIA, and the BIA summarily affirmed the IJ on June 9, 2003. Bal did not file a petition for review of this decision.

On July 7, 2003, Bal moved for reconsideration by the BIA, seeking referral of his case to a three-member panel of the BIA. Bal argued that the BIA erred in affirming the IJ decision because (1) the record did not support the IJ's conclusion that there was no past persecution, (2) the IJ failed to apply a presumption of future persecution based upon the past persecution, and (3) the BIA should have granted asylum for humanitarian reasons. On January 11, 2006, the BIA denied the motion to reconsider, finding that it had not erred in summarily affirming the IJ's decision. The BIA concluded that Bal had not established past persecution because the 1990 incident, in which he was beaten and his aunt and cousin were raped, was remote in time and Bal was never harmed subsequent to that incident. Therefore, no presumption of future persecution applied. The BIA also concluded that Bal was not entitled to asylum for humanitarian reasons because his alleged persecution was not sufficiently severe.

On February 8, 2006, Bal filed this petition for review.

## II.

The court lacks jurisdiction to consider the BIA's decision to affirm summarily the IJ because Bal did not file a timely petition for review of that decision. The BIA summary affirmance was a final appealable removal order. *Stone v. INS*, 514 U.S. 386, 395 (1995). A motion to reconsider a final removal order does not stay the order, 8 C.F.R. § 1003.2(f), and does not toll the time in which

to seek judicial review of the order, *Stone*, 514 U.S. at 395. The statute providing for judicial review of final orders of removal states that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The statutory time limit is "'both mandatory and jurisdictional.'" *Prekaj v. INS*, 384 F.3d 265, 267 (6th Cir. 2004) (quoting *Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996)). Therefore, the petition for review filed on February 8, 2006, cannot provide jurisdiction to review the BIA's summary affirmance of June 9, 2003, and the court must limit its review to the BIA's January 11, 2006, denial of Bal's motion to reconsider.

III.

BIA regulations provide that a "motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). "The decision to grant or deny a motion to . . . reconsider is within the discretion of the Board . . . ." 8 C.F.R. § 1003.2(a). Therefore, the BIA's decision to deny a motion for reconsideration is reviewed for abuse of discretion. *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003). The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to law. *Babai v. INS*, 985 F.2d 252, 255 (6th Cir. 1993).

The BIA did not abuse its discretion by denying the motion to reconsider. The BIA concluded that Bal had not suffered past persecution because the incident from 1990, in which he was beaten, "was remote in time, and [Bal] was not harmed subsequent to the incident." Bal does not contend that the beating in 1990 alone constitutes past persecution. Rather, Bal argues that the BIA "ignore[d] the totality of the persecution suffered." Bal contends that the BIA failed to consider the past persecution he suffered by witnessing the persecution of his uncle and by the threat of future

-4-

danger to Bal's uncle's family.[1]  In concluding that Bal was not harmed subsequent to the incident,

the BIA did not ignore the subsequent evidence but rather concluded that the subsequent evidence

did not amount to persecution.  Although persecution of an applicant's family members has been

found probative of past persecution of the applicant in some cases, *see e.g.*, *Abay v. Ashcroft*, 368

F.3d 634 (6th Cir. 2004); *Rodriguez-Matamoros v. INS*, 86 F.3d 158 (9th Cir. 1996); *In re C–Y–Z–*,

21 I. & N. Dec. 915 (1997); *Matter of Villalta*, 20 I. & N.  Dec. 142 (1990), the failure to be

persuaded by probative evidence does not amount to an abuse of discretion.  Rather, the "overall

context of the applicant's situation" must be considered "to ascertain whether the applicant has been

subjected to persecution."  *Gilaj v. Gonzales*, 408 F.3d 275, 285 (6th Cir. 2005).  Bal's uncle was

not persecuted for views that Bal shares or that have been imputed to him.  *See, e.g., Abay*, 368 F.3d

at 639 (applicant and daughter oppose female genital mutilation); *Rodriguez-Matamoros*, 86 F.3d

at 159 (applicant and sister supported former president); *In re C–Y–Z–*, 21 I. & N. Dec. at 916

(applicant and wife oppose population control); *Matter of Villalta*, 20 I. & N.  Dec. at 144-45

(political views imputed to entire family).  The abuse Bal personally suffered is not similar to or

contemporaneous with his uncle's subsequent persecution.  *See, e.g., Abay*, 368 F.3d at 639

(daughter was threatened with same female genital mutilation that applicant suffered as a child);

*Rodriguez-Matamoros*, 86 F.3d at 159 (applicant was beaten while sister was killed); *In re C–Y–Z–*,

21 I. & N. Dec. at 919 (relying on agreement of parties that "the forced sterilization of one

spouse . . . is an act of persecution against the other spouse"); *Matter of Villalta*, 20 I. & N.  Dec. at

145-46 (applicant threatened with death and multiple other family member killed).  The arrests and

---

[1]Neither Bal nor the BIA addressed whether this single threat should support a finding of a well-founded fear of future persecution absent the presumption based on past persecution.

loss of a government job suffered by Bal's uncle are far less severe than the persecution of family members found probative in other cases. *See, e.g., Abay*, 368 F.3d at 639 (female genital mutilation); *Rodriguez-Matamoros*, 86 F.3d at 159 (torture and execution); *In re C–Y–Z–*, 21 I. & N. Dec. at 916 (forced sterilization); *Matter of Villalta*, 20 I. & N. Dec. at 145-46 (execution). Therefore, we cannot conclude that the BIA abused its discretion in determining that Bal had not suffered past persecution. Furthermore, both the presumption of future persecution, 8 C.F.R. § 1208.13(b)(1), and granting of asylum for humanitarian purposes, *Matter of Chen*, 20 I. & N. Dec. 16, 19 (1989), rely upon the existence of past persecution. As such, the BIA did not abuse its discretion by denying Bal's motion to reconsider.

IV.

For the foregoing reasons, we deny Bal's petition for review.