**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0814n.06
Filed: November 21, 2007

No. 06-3891

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ABOUBACAR CISSE,

       Petitioner-Appellant,

                                ON PETITION FOR REVIEW FROM A
                                FINAL ORDER OF THE BOARD OF

v.                                    IMMIGRATION APPEALS

ALBERTO R. GONZALES,

       Respondent-Appellee.

_____/

BEFORE:     MERRITT and CLAY, Circuit Judges; COX,[*] District Judge.

      **COX, District Judge**.  Petitioner Aboubacar Cisse ("Cisse"), a native of Guinea, filed an application for asylum and withholding of removal with the I.N.S., which was denied by the immigration judge assigned to the case following a merits hearing.  Cisse then appealed the decision to the Board of Immigration Appeals, which affirmed the ruling.  He also filed a Motion for Reconsideration with the Board of Immigration Appeals, which was also denied.  In this appeal, Cisse seeks review of the May 26, 2006 decision of the Board of Immigration Appeals, denying his Motion for Reconsideration.  For the reasons discussed below, we AFFIRM the denial of Cisse's

_____

[*]The Honorable Sean F. Cox, United States District Court Judge for the Eastern District of Michigan, sitting by designation.

1

Motion for Reconsideration and we DISMISS Cisse's appeal.

## I. BACKGROUND

Cisse is a native and citizen of Guinea, who claims to have entered the United States on February 17, 2001, without inspection. (Apx. at 104, 137-38, 182).

Cisse filed an application for asylum and withholding of removal with the former Immigration and Naturalization Service ("INS") on or about September 4, 2001. (Apx. at 167-177; Suppl. Apx. at 7). Cisse's asylum claim was based on his assertion that he was a member of the Rally of the People of Guinea ("RPG") political party in Guinea and that he was arrested and tortured in April of 2000, for protesting and demanding the release of a leader of the RPG. (Apx. at 170).

The Government asserts that Cisse's application was denied by an Asylum Officer and referred to the Immigration Court.

On February 20, 2003, the INS[1] instituted removal proceedings against Cisse by serving him with a Notice to Appear and charging him with being subject to removal from the United States under Section 212(a)(6)(A)(I) of the Immigration and Nationality Act. (Apx. at 182). When Cisse failed to appear, the hearing was conducted in absentia and a written decision was issued by Immigration Judge Charles Pazar (the "IJ") on June 25, 2003, ordering Cisse removed to Guinea. (Suppl. Apx. at 12-13). Along with that decision, Cisse was advised that the removal decision would be final unless he filed a timely motion to reopen. (Suppl. Apx. at 12).

Cisse then filed a motion to reopen, asserting that he had not received notice of the hearing

---

[1]As the Government notes, on March 1, 2003, the functions of the former INS were transferred from the Department of Justice to three distinct agencies (United States Immigration and Customs Enforcement, United States Customs and Border Protection, and United States Citizenship and Immigration Services) in the newly formed Department of Homeland Security ("DHS"). *See Elkins v. Comfort*, 392 F.3d 1159, 1161 n.3 (10th Cir. 2004).

date.  The IJ granted the motion and reopened proceedings on December 31, 2003.  (Apx. at 179).

On March 23, 2004, Cisse, who was represented by counsel, appeared before the IJ, who indicated on the record that the matter was reopened so that Cisse could be heard on his application for asylum.  (Apx. at 79).

The matter was then continued to November 18, 2004, at which time the IJ held a merits hearing.  (Apx. at 83).  Cisse submitted documents to the court on the morning of the hearing, including a faxed document purporting to be a letter from the RPG.  (Apx. at 85).  Counsel for the DHS objected to admission of the document because the document "gives every indication of being a manufactured document."  Among other things, Counsel for the DHS noted that: 1) the letter was a faxed copy, not an original copy; 2) the letter did not appear to have an actual signature; 3) the letterhead conspicuously had significant words missing from it; and 4) various words were missing, cutoff and/or illegible.  (Apx. at 85).  The IJ admitted the letter as an exhibit, but noted that it would be given "limited weight" because it was not timely filed, and due to the factors noted by the DHS.  (Apx. at 86).

Following the hearing, IJ rendered his decision and denied Cisse's applications for asylum, and withholding of removal, and ordered Cisse removed to Guinea.  (Apx. at 62-72).  The IJ concluded that Cisse had not shown by clear and convincing evidence that the application was filed within one year of his arrival in the United States and, therefore, Cisse's application was not timely. He noted that Cisse could not offer any cogent testimony concerning his arrival in the United States that could be verified in any meaningful way.

Although the IJ concluded that Cisse's application was untimely, in the event the Board of Immigration Appeals disagreed, he nevertheless discussed the application for asylum. Although the

IJ found that grounds exist to find Cisse "to be less than credible," the IJ noted that he would credit Cisse's testimony. (Apx. at 69). Even so, the IJ concluded that Cisse "falls woefully short of providing eligibility for asylum" and concluded that Cisse failed to meet his burden of showing either past persecution or a well-founded fear of persecution. He noted that the corroboration in the case was "utterly unconvincing" and also noted that "the two most important documents purporting to prove respondent's RPG membership are utterly unreliable." (Apx. at 69-70).

Through his counsel, Cisse then filed a timely Notice of Appeal to the Board of Immigration Appeals (the "BIA") on December 6, 2004. (Apx. at 54). In his Notice of Appeal, Cisse asserted that the IJ erred when he: 1) denied Cisse's application for asylum; 2) denied Cisse's application for withholding of removal; 3) denied Cisse's application for relief under the Torture Convention; 4) found Cisse's case was not properly corroborated; and 5) ruled that Cisse was not credible. (Apx. at 56).

On November 18, 2005, Cisse's Counsel filed a motion seeking an extension of time to file Cisse's brief. (Apx. 50-51). The BIA granted that request and changed the due date for Cisse' brief from November 21, 2005, to December 12, 2005. (Apx. at 47). That notice expressly warned that:

> The Board rarely grants more than one briefing extension to each party. Therefore, if you have been granted an extension, you should assume that you will not be granted any further extensions.
>
> If you filed your brief late, you must file it along with a motion for consideration of your late-filed brief . . . The motion must set forth in detail the reasons that prevented you from filing your brief on time. You should support the motion with affidavits, declarations, or other evidence. Only one such motion will be considered by the Board.

(Apx. at 48)(emphasis in original).

Cisse's brief was not filed by the extended deadline of December 12, 2005. Counsel for

Cisse claims that he made a mistake in calendaring the due date, and on December 16, 2005, filed a "Motion to Accept Brief Out of Time." (Apx. at 38). On February 3, 2006, the BIA denied Cisse's motion, stating:

> We find the reason stated by the respondent insufficient for us to accept the untimely brief in our exercise of discretion. 8 C.F.R. §1003.3(c)(1). Therefore, the motion to accept the untimely brief is denied. Accordingly, the brief is returned. The Board will not consider any additional motions to accept the late filed brief in this matter.

(Apx. at 34).

In an Order issued on April 10, 2006, the BIA affirmed the decision of the IJ, stating as follows:

> We adopt and affirm the decision of the Immigration Judge. See Matter of Burbano, 20 I&N Dec. 872, 874 (BIA 1994)(noting that adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is 'simply a statement that the Board's conclusions upon review of the record coincide with those the Immigration Judge articulated in his or her decision'). We agree with the Immigration Judge that the respondent's vague testimony of limited credibility as well as his brother's statement that the respondent arrived in Memphis in 2001, is insufficient to show by clear and convincing evidence that he filed his asylum application within 1 year of his arrival in the United States. Further, the testimony and the few documents submitted, themselves of questionable provenance (Tr. at 40-44; Exh 6-7), lead to our agreement that the respondent has failed to meet his burden of proof regarding withholding of removal. Accordingly, the appeal is dismissed.

(Apx. at 32).

Cisse did not file a petition for review with this Court following issuance of that decision. Rather, on April 19, 2006, Cisse filed a Motion for Reconsideration with the BIA. (Apx. at 6). In his brief in support of his Motion to Reconsider, Cisse asserts that the IJ erred when he ruled that: 1) Cisse's application for asylum was not timely; 2) Cisse was not entitled to asylum; 3) Cisse was not entitled to withholding of removal; and 4) Cisse was not entitled to voluntary departure. (Apx. at 12). The Motion for Reconsideration did not raise the issue of the BIA's consideration of Cisse's

5

appeal without a timely filed appellate brief, nor did it specify any alleged error in the April 10, 2006 decision issued by the BIA.

On May 26, 2006, the BIA issued an Order denying Cisse's Motion for Reconsideration. (Apx. at 5).

On June 21, 2006, Cisse filed the instant petition for review. The petition states that Cisse "seeks review of the Board of Immigration Appeals' decision dated May 26, 2006 denying the Motion to Reconsider of Petitioner and affirming the denial of withholding of removal and voluntary departure by the Immigration Judge." (Apx. at 1).

## II. ANALYSIS

### A.    This Court Lacks Jurisdiction To Review The BIA's April 10, 2006 Decision.

Although his petition for review indicates that he is appealing the BIA's May 26, 2006 denial of his Motion to Reconsider, in his brief, Cisse also attempts to challenge the BIA's April 10, 2006 order affirming the IJ. This Court, however, lacks jurisdiction to consider the BIA's April 10, 2006 decision affirming the IJ because Cisse did not file a timely petition for review of that decision.

Under 8 U.S.C. § 1252(b)(1), a party must file a petition for review with the court of appeals within 30 days of the date of a final order of removal. *Jaber v. Gonzales*, 486 F.3d 223, 229 (6th Cir. 2007). That statutory limit is both mandatory and jurisdictional. *Bal v. Gonzales*, 207 Fed.Appx. 627, 629 (6th Cir. 2006).

The BIA's April 10, 2006 Order, was a "final appealable removal order." *Bal,* 207 Fed.Appx. at 629 (6th Cir. 2006)(citing *Stone v. INS*, 514 U.S. 386, 395 (1995)). Moreover, a "motion to reconsider a final removal order does not stay the order, 8 C.F.R. §1003.2(f), and does not toll the time in which to seek judicial review of the order." *Id.*

6

Thus, in order to obtain review of the issues contained in the order, Cisse had to file a petition for review within 30 days of the BIA's April 10, 2006 order, or by May 10, 2006. Cisse, however, did not file a petition for review until June 21, 2006. Therefore, the petition for review filed on June 21, 2006, cannot provide jurisdiction to review the BIA's April 10, 2006 Order, and this Court must limit its review to the BIA's May 26, 2006 denial of Cisse's Motion to Reconsider. *Bal*, 207 Fed.Appx. at 630.

**B.    Cisse Has Not Shown That The BIA Abused Its Discretion In Denying His Motion For Reconsideration.**

In its Order dated May 26, 2006, the BIA denied Cisse's Motion for Reconsideration, stating as follows:

> The respondent moves the Board pursuant to 8 C.F.R. §1003.2 to reconsider our decision dated April 10, 2006. A motion to reconsider 'shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision.' 8 C.F.R. §1003.2(b). 'The very nature of a motion to reconsider is that the original decision was defective in some regard.' *Matter of Cerna*, 20 I&N Dec. 399, 402 (BIA 1991). The respondent has failed to specify any errors of fact or law in the prior Board decision. The issues presented in the motion to reconsider all involve whether the Immigration Judge erred. The Board, in its prior decision, already reviewed the Immigration Judge's decision. All of the arguments in the motion that pertain to alleged error in the Immigration Judge's decision should have been made to the Board in the prior appeal. Moreover, the motion specifies no Board error, but rather contains only a general statement that the Board 'failed to properly consider the facts of record and the applicable law . . .' Accordingly, the motion is denied.

(Apx. at 5).

BIA regulations provide that the decision to grant or deny a motion to reopen or reconsider is "within the discretion of the Board." 8 C.F.R. § 1003.2(a). Thus, this Panel reviews the BIA's decision to deny a motion for reconsideration for abuse of discretion. *Sswaijje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003); *Sanusi v. Gonzales*, 474 F.3d 341, 345 (6th Cir. 2007). "The BIA abuses

7

its discretion when it acts arbitrarily, irrationally, or contrary to law." *Sswaijje,* 350 F.3d at 532; *Alizoti v. Gonzales*, 477 F.3d 488, 451 (6th Cir. 2007); *see also Sanusi v. Gonzales*, 474 F.3d 341, 345 (6th Cir. 2007)(An abuse of discretion can be shown when the BIA "offers no 'rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis such as invidious discrimination against a particular race or group.'")(quoting *Balani v. I.N.S.*, 669 F.2d 1157, 1161 (6th Cir. 1982)). Because the BIA has such broad discretion, a party seeking reconsideration bears a "heavy burden." *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992).

Cisse asserts that the BIA's Order denying his Motion for Reconsideration does not contain an explanation of why the BIA rejected the various arguments contained in his Motion for Reconsideration, and therefore, the BIA has denied him of his right to due process. Cisse has not cited any authority whatsoever to support his "due process" argument.

Moreover, to the extent that Cisse contends that the BIA abused its discretion by not providing a detailed explanation of why it rejected the various points in his motion, such an argument is unsupported. The abuse of discretion standard simply requires a rational explanation, and the BIA explained that it denied Cisse's Motion for Reconsideration because Cisse failed to specify any errors by the BIA with respect to its April 10, 2006 decision, and because all of the arguments concerning alleged errors by the IJ should have been made to the BIA in the prior appeal.

BIA regulations authorize the filing of a motion for reconsideration and provide that a "motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law **in the prior Board decision** and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1)(emphasis added). As the BIA noted in its Order denying Cisse's Motion for Reconsideration, Cisse did not identify any particular error of fact or law **in the BIA's April 10,**

**2006 decision**. Rather, Cisse merely: 1) restated the previous assignments of error by the IJ found in his Notice of Appeal; and 2) attempted to raise other arguments that he should have raised in appealing the IJ's decision to the BIA.

Cisse had filed a timely Notice of Appeal to the Board of Immigration Appeals ("BIA") on December 6, 2004 (Apx. at 54), in which he generally asserted that the IJ erred when he: 1) denied Cisse's application for asylum; 2) denied Cisse's application for withholding of removal; 3) denied Cisse's application for relief under the Torture Convention; 4) found Cisse's case was not properly corroborated; and 5) ruled that Cisse was not credible. (Apx. at 56). Although the BIA denied Cisse's motion to file an untimely brief in support of his Notice of Appeal, the BIA's April 10, 2006 Order reflects that the BIA considered, and rejected, Cisse's general allegations of errors by the IJ:

> We agree with the Immigration Judge that the respondent's vague testimony of limited credibility as well as his brother's statement that the respondent arrived in Memphis in 2001, is insufficient to show by clear and convincing evidence that he filed his asylum application within 1 year of his arrival in the United States. Further, the testimony and the few documents submitted, themselves of questionable provenance (Tr. at 40-44; Exh 6-7), lead to our agreement that the respondent has failed to meet his burden of proof regarding withholding of removal. Accordingly, the appeal is dismissed.

(Apx. at 32). In addition, to the extent that Cisse's Motion for Reconsideration raised additional assignments of error with respect to the IJ's decision that were not raised in his Notice of Appeal, those arguments should have been presented to the BIA in the appeal.

Motions for reconsideration are not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous appeal. *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Sswajje v. Ashcroft*, 350 F.3d 528, 533 (6th

9

Cir. 2003).[2]  This is not a special rule for immigration cases, but rather, is the rule that governs motions for reconsideration generally.  *See e.g., Roger Miller Music, Inc. v. Sony / ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

Accordingly, this Panel concludes that the BIA did not abuse its discretion in denying Cisse's Motion for Reconsideration.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the denial of Cisse's Motion for Reconsideration and we DISMISS Cisse's appeal

---

[2]Likewise, a motion for reconsideration is not a substitute for failing to file a timely brief on appeal.  *See Zhang v. I.N.S.*, 348 F.3d 289 (1st Cir. 2003).