NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0466n.06

No. 08-4464

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 06, 2009
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| PIN YONG WANG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC. H. HOLDER, JR., | ) | |
| United States Attorney General,* | ) | |
| | ) | |
| Respondent. | ) | |

Before: CLAY and ROGERS, Circuit Judges: JORDAN, District Judge.**

LEON JORDAN, District Judge. Petitioner Pin Yong Wang challenges the decision of the Board of Immigration Appeals ("BIA") denying his motion for reconsideration. Petitioner sought reconsideration of the denial of his prior motion for *sua sponte* reopening of removal proceedings. For the reasons that follow, we **DENY** the request for review.

**I.**

Petitioner, a native and citizen of the People's Republic of China, entered the

---

* Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Eric H. Holder, Jr., has been substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

** The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

United States illegally at New York City in 1989. He submitted an application for asylum and withholding of deportation in 1993. In January 1997, the application was referred to an immigration judge ("IJ").

The IJ denied petitioner's application following a hearing on February 28, 2000. Petitioner timely appealed that decision to the BIA. On October 9, 2002, the BIA affirmed the IJ's decision, and petitioner did not further appeal.

More than five years later, in December 2007, petitioner filed "Respondent's Motion for Board to *Sua Sponte* Reopen to Vacate Order and Cancel Proceedings Due to Previous Order in Other Proceedings." Therein, petitioner argued that he (Pin Yong Wang) is the same person as Pin Yuang Wang, who was ordered excluded under a different case number by a different IJ (in Texas) in 1992. Petitioner argued,

> Since he had previously been ordered excluded, the second proceeding should not have been commenced. Therefore, the order in [the second proceeding] was incorrectly issued.
>
> Respondent is now married to a U.S. citizen . . . and is the beneficiary of an approved I-130 petition . . . .
>
> Since Respondent is subject to exclusion proceedings, he is eligible to adjust status . . . based upon the approved I-130 petition. However, the District Director would not be able to consider the application with the outstanding superfluous Deportation order.
>
> Respondent therefore respectfully requests that the Board vacate the order in this case as the proceedings were improperly instituted, and so that he can file an application to adjust status to permanent resident . . . .

By order dated April 15, 2008, the BIA declined to *sua sponte* reopen this case.

2

The order explained that petitioner had submitted insufficient evidence to demonstrate that he is the same person as Pin Yuang Wang. Petitioner did not request review of that order. Instead, he moved the BIA to reconsider its decision. The BIA denied the motion to reconsider by order dated October 8, 2008. That order is the subject of petitioner's request for review.

## II.

Petitioner's motion to reopen was filed pursuant to 8 C.F.R. § 1003.2. Under that regulation, the BIA may within its discretion reopen a case either: (1) upon motion of a party filed no later than ninety days after the final administrative decision; or (2) at any time on the BIA's own motion. *See* 8 C.F.R. § 1003.2(a), (c)(2). Because petitioner's request was filed almost five years beyond the ninety-day deadline contained in the regulation, his case could only be reopened by the BIA *sua sponte* and within its discretion. *See id.*

We have previously held, "The decision whether to invoke *sua sponte* authority is committed to the unfettered discretion of the BIA. . . . Therefore, the very nature of the claim renders it not subject to judicial review." *Harchenko v. I.N.S.*, 379 F.3d 405, 410-11 (6th Cir. 2004) (citations and quotation omitted). Thus, had petitioner appealed the denial of his "Motion for Board to *Sua Sponte* Reopen" straightaway, we would have been "without jurisdiction to review the BIA's decision declining to exercise its discretion to reopen [his] case." *Id.* at 411.

That petitioner instead appealed the denial of his motion to reconsider does not

3

lead to a different result. Jurisdiction cannot be manufactured merely by repackaging the posture of an appeal. Where the underlying decision is unreviewable, denial of a motion to reconsider that decision is similarly unreviewable. *See, e.g., Durant v. I.N.S.*, 393 F.3d 113, 115 (2d Cir. 2004) (disallowing "an improper backdoor method of challenging" an otherwise unreviewable order). Petitioner's request for review must accordingly be denied.

### III.

Even if jurisdiction were present, we would deny the requested relief. We review the BIA's denial of a motion to reconsider for abuse of discretion. *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003). The BIA abuses its discretion if it acts arbitrarily, irrationally, or contrary to law. *Id.*

A motion to reconsider must "state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). Motions for reopening are "disfavored," and the BIA has broad discretion in deciding such motions. *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992). "Because the BIA has such broad discretion, a party seeking reopening or reconsideration bears a heavy burden." *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007) (citation and quotation omitted).

The purported errors of law cited by petitioner are unavailing. For example, he argues that the BIA was required to obtain the exclusion order in the Pin Yuang Wang matter, make it a part of the file in this case, and conduct a fingerprint comparison between

4

the two.  The regulation relied upon by petitioner, however, is not at all on point as it applies only to cases in which *the immigration officer* seeks to reinstate a prior order following a subsequent illegal reentry.  *See* 8 C.F.R. § 241.8(a).  Further, the BIA did not commit legal error in its October 2008 order, as alleged by petitioner, by engaging in impermissible fact-finding in violation of 8 C.F.R. § 1003.1(d)(3).  That regulation governs the scope of the BIA's appellate review of IJ decisions rather than the discretionary exercise of the its *sua sponte* powers.

We also find no factual error approaching an abuse of discretion.  We share the factual concerns raised by the BIA in its April 2008 order.  We need not repeat the sound evidentiary analysis contained therein because doing so would be duplicative and would serve no useful purpose.

**IV.**

For the reasons discussed above, we **DENY** petitioner's request for review.

5