NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0142n.06

**Case Nos. 19-3430/3817**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 10, 2020
DEBORAH S. HUNT, Clerk

DJOKA LJUCOVIC,

  *Petitioner*,

v.

WILLIAM P. BARR, Attorney General,

  *Respondent*.

)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

O P I N I O N

BEFORE:  COLE, Chief Judge; BOGGS and SUTTON, Circuit Judges.

COLE, Chief Judge. Djoka Ljucovic, a native of the former Yugoslavia, seeks our review of two orders of the Board of Immigration Appeals (BIA). We lack jurisdiction to review either order, and must therefore dismiss both petitions for review.

Ljucovic was admitted into the United States in 1988. Since then, he was twice convicted of domestic violence in Michigan courts. Based on those convictions, an Immigration Judge (IJ) determined that Ljucovic was removable and ordered his voluntary departure. *See* 8 U.S.C. § 1227(a)(2)(E)(i) (establishing domestic violence as a deportable crime). Ljucovic, alleging ineffective assistance of counsel during his removal proceedings, filed a motion to reopen the proceedings in 2008. The IJ denied that motion, and Ljucovic did not appeal. Ljucovic filed a second motion to reopen the proceedings in 2010, this time seeking asylum on the basis of changed

country conditions because his brother had been arrested by the Montenegrin government in 2006 and convicted in 2008. The IJ denied the motion as time-barred, but also observed that there was no proof that his brother was persecuted—or indeed, that he even existed—and that Ljucovic failed to file the motion within a reasonable period of time after the purported changed condition. Ljucovic appealed to the BIA, which determined that although Ljucovic's motion was not time-barred, he was nevertheless ineligible for asylum because he "was aware of his brother's situation in 2006" but did not file his motion until 2010, so he had not "pursued his claim with due diligence." (Case No. 19-3817, AR 114–15.)

That brings us to Ljucovic's third motion to reopen—the one that forms the basis of the current two petitions. Ljucovic filed the motion in September 2018, arguing that the crime for which he was twice convicted—domestic violence—was not a crime of violence under the categorical approach directed in *Moncrieffe v. Holder*, 569 U.S. 184 (2013). Thus, Ljucovic argues, he never should have been eligible for removal. The IJ observed that the motion was untimely and number-barred and, finding that Ljucovic failed to raise the *Moncrieffe* argument within a reasonable time after the decision was published, declined to use his discretionary authority under 8 CFR § 1003.23(b)(1) to *sua sponte* reopen the proceedings.

Ljucovic appealed to the BIA, which affirmed, "uphold[ing] the Immigration Judge's conclusion that the respondent has not shown 'exceptional circumstances' that would warrant *sua sponte* reopening" and dismissing his appeal. (Case No. 19-3817, AR 27.) Ljucovic then filed a motion to reconsider, which the BIA denied. He appeals both the BIA's order dismissing his appeal and the BIA's order denying his motion for reconsideration.

We lack jurisdiction to review Ljucovic's petitions. Ljucovic does not dispute that his third motion to reopen was untimely and number-barred. Instead, he seeks relief under the BIA's *sua*

*sponte* authority to reopen removal proceedings. The decision whether to grant *sua sponte* review is committed to the "unfettered discretion of the BIA." *Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008) (quoting *Harchenko v. I.N.S.*, 379 F.3d 405, 410–11 (6th Cir. 2004)). "[I]rrespective of whether [a] decision was proper, Sixth Circuit law is clear that the BIA's determination to forgo the exercise of its *sua sponte* authority is a decision that we are without jurisdiction to review." *Id.*; *see also Rais v. Holder*, 768 F.3d 453, 460 (6th Cir. 2014) (listing cases). For the same reason, we cannot review the BIA's denial of a motion to reconsider an order denying *sua sponte* reopening. *Pin Yong Wang v. Holder*, 336 F. App'x 490, 492 (6th Cir. 2009) ("Where the underlying decision is unreviewable, denial of a motion to reconsider that decision is similarly unreviewable.").

Accordingly, we must dismiss both petitions.