Yuri HARCHENKO, Tetiana Harchenko, and Oleksandr Harchenko, Petitioners–Appellants,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent–Appellee.

No. 00–3789.

United States Court of Appeals, Sixth Circuit.

Nov. 9, 2001.

Before SILER and CLAY, Circuit Judges; GRAHAM, District Judge.*

SILER, Circuit Judge.

Dr. Yuri Harchenko ("Petitioner") petitioned for asylum. His wife, Dr. Tetiana Harchenko, and son, Oleksandr Harchenko, have derivative applications under his petition. The immigration judge (IJ) denied the petition for asylum and ordered the family's deportation. The Board of Immigration Appeals (BIA) affirmed the decision of the IJ. Petitioner appeals the decision of the BIA to this court. We affirm.

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

## BACKGROUND

Petitioner and his family came to the United States from the Ukraine. There, the Petitioner alleges that he and his family were persecuted because of his Jewish ancestry. In support of his claim of persecution, he alleges that: (1) his family received extortionist threats from the "Mafia," which extorts money from minorities, including Jews, because they are less likely to receive protection from the police; (2) as a child in 1956, he received substandard medical care because he was of Jewish descent, resulting in the removal of his kidney; (3) while studying at the medical institute in the Ukraine, classmates would make fun of him as not "having the proper blood" or make jokes about circumcision; (4) the dean of the medical institute singled him out in a meeting discussing a Jewish student who had recently left the Ukraine for the United States, saying that if traitors were going to leave they should go today; (5) he had to spend his wedding night on a train because the dean told him that if he did not return by a certain date then he would be expelled, a demand he attributes to the dean's "hatred for Jews"; (6) his wife's parents told her not to marry a Jew, and they had no contact with them until Oleksandr was five years old; (7) some patients at the emergency hospital in which Petitioner worked refused to be treated by him because he spoke Russian rather than Ukranian; and (8) Tetiana Harchenko was the victim of discrimination at her work because she was married to a Jew and was sent to work for three months in the Chernobyl area though she had recently had surgery at the Oncological Institute.

The Harchenko family arrived in the United States on October 21, 1994 with a B–2 visitor visa that allowed them to stay until April 20, 1995. In December 1994, Petitioner applied for asylum. In February 1997, Petitioner alleges that the Immigration and Naturalization Service (INS) informed him that it could not locate his original application so he was permitted to file a new application for asylum. Both asylum applications were available to the IJ at the asylum hearing. Following a hearing on August 19, 1997, the IJ denied Petitioner's request for asylum and withholding of deportation. The Petitioner appealed to the BIA. His brief was due on July 6, 1998. The BIA denied the Petitioner's motion for extension of time to file a brief by order dated July 8, 1998 because he did not serve the motion on the INS. Five months later, on December 1, 1998, the Petitioner submitted a brief and motion to consider an untimely brief. The BIA denied this motion and affirmed the IJ's decision. Petitioner appeals to this court from that order. This court stayed the deportation of the Petitioner and his family pending appeal.

## STANDARD OF REVIEW

In reviewing the factual determinations of the BIA regarding an alien's eligibility for asylum and withholding of deportation, this court must apply the substantial evidence standard of review. *Klawitter v. INS.*, 970 F.2d 149, 151–52 (6th Cir.1992). In order to reverse the BIA's factual determinations, the reviewing court must find that the evidence not only supports a contrary conclusion, but indeed compels it. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The BIA's determination that an alien is not eligible for asylum must be upheld unless the alien shows that the evidence he or she presented was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 481 n. 1, 112 S.Ct. 812.

## DISCUSSION

The Petitioner raises six principal arguments. The first argument goes to the substance of the denial of asylum and order of deportation by the IJ. The second through fourth arguments raise various other alleged errors, including the refusal of the IJ to admit certain evidence, the IJ erred in not applying the appropriate burden of proof under the Lautenburg Amendment, and the IJ failed to substantiate her adverse finding of credibility. The fifth and sixth arguments petition this court for independent relief.

### A. Reviewable Issues

■ The INS justifiably objects to the consideration of any alleged errors by the IJ beyond the legal sufficiency of the decision, which the BIA affirmed. It argues that Petitioner has failed to exhaust his administrative remedies in that he did not raise these issues before the BIA. Because Petitioner failed to file a timely brief, the only issue before the BIA was the sufficiency of the IJ's holding. Congress has written the exhaustion requirement into the statute establishing federal appellate jurisdiction over deportation proceedings. *See* 8 U.S.C. 1252(d). When a petitioner fails to exhaust his available administrative remedies, a federal court lacks jurisdiction to consider his petition for review. *Perkovic v. INS*, 33 F.3d 615, 619 (6th Cir.1994). Nevertheless, "[c]ourts of appeals have with some regularity entertained exhausted claims notwithstanding the presence of other, unexhausted, questions." *Id.*

■ Petitioner appears to seek relief from this restriction by arguing that the BIA abused its discretion in refusing to grant an extension of time to file his brief or to accept his late brief. He offers no basis for this court to make such a finding. He complains that he did not receive a denial of his motion for extension of time

until a week after it was filed, July 8, 1998, which was after the deadline to file his brief. The BIA denied the motion for an extension of time because the motion was not served on opposing counsel. Further, no attempt to cure this defect was ever made. Until informed that a court has granted an extension of time, a party should presume that the filing is due on the original date. Nevertheless, Petitioner's late brief might very well have been accepted by the BIA, except that it was not filed until five months after the deadline. The INS had submitted its brief on July 24, 1998, without having received Petitioner's brief. There is hardly evidence of abuse of discretion in denying such a grossly late and prejudicial filing. Accordingly, we shall only consider the sufficiency of the IJ's decision and the BIA's affirmance of that decision. Petitioner's other arguments are precluded as unexhausted issues, which this court has no jurisdiction to review.

### B. Sufficiency of the Denial of Asylum

Section 208(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1158(b)(1), authorizes the Attorney General, in his discretion, to grant asylum to an alien who is a "refugee" as defined in the Act. A "refugee" is an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

■ In order to demonstrate eligibility for asylum on the basis of a well-founded fear of persecution under 8 C.F.R. 208.13(b)(2), an applicant must establish that: (1) he has a fear of persecution in his country on account of race, religion, nationality, membership in a particular social group, or political opinion; (2) there is a

reasonable possibility of suffering such persecution if he were to return to that country; and (3) he is unable or unwilling to return to that country because of such fear. An applicant's fear of persecution must be both subjectively genuine and objectively reasonable. . *See Perkovic,* 33 F.3d at 620–21. The applicant's testimony, if credible, "may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.13(a).

As discussed, the standard of review is "substantial evidence" to support the decision. Petitioner, however, argues for *de novo* review, alleging that the IJ and the BIA erred as a matter of law in failing to consider his asylum petition for persecution on account of his Jewish ancestry rather than Jewish faith.[1] The IJ, however, clearly considered such claim, expressly finding, "even assuming for the sake of argument that I found Respondent's claims to be credible, I do not find that he has established past persecution, coupled with a showing of the likelihood of present or future persecution in the Ukraine based upon *his identity as a member of the Jewish faith, or as a Jewish national.*" (emphasis added). The IJ considered the Petitioner's allegations, but found no genuine subjective belief of persecution, as she found the Petitioner not credible. The Petitioner's first application for asylum did not mention Jewish ancestry but requested asylum due to criminal harassment in the Ukraine. Only in the second asylum petition did the Petitioner make any claim involving Jewish ethnicity.

 Objectively, the factual allegations of the Petitioner do not demonstrate a fear of persecution either. " '[P]ersecution' within the meaning of 8 U.S.C. § 1101(a)(42)(A) requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Mikhailevitch v. INS,* 146 F.3d 384, 390 (6th Cir.1998). Petitioner's claims of harassment do not even approach that standard. If believed, Petitioner's factual allegations, at best, demonstrate that he and his wife were the object of some discrimination. But, discrimination, though despicable, is not a basis for asylum. Petitioner must demonstrate that he has been "persecuted."[2] Clearly, substantial evidence exists in this case for finding neither the requisite subjective or objective fear of persecution.

Finally, Petitioner requests that we remand this case to the BIA in light of a new application for labor certification filed by the Petitioner, or in the alternative, that this court should take judicial notice of the deteriorating situation in the Ukraine and defer the deportation order. We decline to do so, as this court has no jurisdiction to consider such administratively unexhausted issues.

AFFIRMED.

---

1. The Petitioner does not practice Judaism and considers himself a member of the Russian Orthodox church, and he is the only parent that claims Jewish ancestry.

2. Petitioner also offered evidence of harassment from the Mafia. Even presuming those allegations, though as equally despicable as discrimination on account of ethnicity, a "shakedown" by the Mafia is not a basis for asylum. *See Bolshakov v. INS,* 133 F.3d 1279, 1281 (9th Cir.1998) (holding the fact that petitioners had been the victims of criminal activity in Russia is not a basis for asylum unless their harassers knew of and pursued them because of race, religion, nationality, membership in a particular group, or political opinion).