*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0415P (6th Cir.)
File Name: 03a0415p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

_____

GERALD SSWAJJE,
    *Petitioner,*

    *v.*

JOHN ASHCROFT, Attorney
General,

    *Respondent.*

Nos. 02-3558;
03-3023

On Appeal from the Board of Immigration Appeals.
No. A74 738 139.

Argued: October 28, 2003

Decided and Filed: November 21, 2003

Before: CLAY and COOK, Circuit Judges; STAFFORD,
Senior District Judge.*

_____

*   The Honorable William Stafford, Senior United States District Judge
for the Northern District of Florida, sitting by designation.

_____

### COUNSEL

**ARGUED:** E. Dennis Muchnicki, Dublin, Ohio, for
Petitioner. Carol Federighi, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent. **ON BRIEF:** E. Dennis Muchnicki, Dublin,
Ohio, for Petitioner. Carol Federighi, Allen W. Hausman,
Emily A. Radford, Anthony W. Norwood, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

_____

### OPINION

_____

CLAY, Circuit Judge. In Case No. 02-3558, Gerald
Sswajje petitions this Court for review of the April 22, 2002,
order of the Board of Immigration Appeals ("BIA")
dismissing as untimely his appeal of the March 7, 2001, order
of the immigration judge, which had denied his application
for asylum and withholding of deportation. In Case No. 03-
3023, Sswajje petitions this Court for review of the
December 27, 2002, order of the BIA denying his motion to
reconsider its April 22, 2002, order. Having had the benefit
of oral argument and having carefully considered the record
on appeal, the briefs of the parties, and the applicable law, we
are persuaded that the BIA committed no error of fact or law
and did not abuse its discretion when it dismissed Sswajje's
appeal as untimely and later denied Sswajje's motion for
reconsideration.

I.

Gerald Sswajje is a native and citizen of Uganda. On
March 7, 2001, an immigration judge conducted a merits
hearing on the government's removability claim and on

Sswajje's application for asylum and withholding of removal or, alternatively, for voluntary departure. (A.R. 94.)**1** Attorney Dennis Muchnicki, who represents Sswajje before this Court, also represented Sswajje at the immigration hearing. (A.R. 139.) On the day of the hearing, the immigration judge sustained the charges of removability, denied the asylum application as untimely and denied the applications for withholding of removal and for voluntary departure. (A.R. 123-24.)

After delivering his findings, the immigration judge engaged in the following colloquy with Sswajje and his counsel, Mr. Muchnicki:

JUDGE TO MR. MUCHNICKI
   Q.  You're reserving his right to appeal?
   A.  Yes.

JUDGE TO MR. SSEWAJJE [sic]
   Q.  Now, sir, your lawyer is indicating he is reserving your right to appeal my decision, which has found that you have not met your burden. And the Court denied all your applications for relief. … Now, Mr. Muchnicki is an experienced immigration attorney. He knows that to effectuate a valid appeal, he has to file your appeal no later than April 6th of this year, at the Board of Immigration Appeals in Falls Church, Virginia. That application has to be completely filled out and all the appropriate fees paid or waived. He also understands that if he doesn't get this to the Board by that date, it will be deemed abandoned and the Court's decision will become final. That means you

**1**All references to "A.R." refer to the administrative record for Case No. 02-3558. References to J.A. refer to the Joint Appendix for Case No. 03-3023.

can't wait until April 5th or 6th or even the 4th to mail your appeal. It will get there too late.

(A.R. 260-61.)

Despite the clear admonition of the immigration judge to file the appeal by April 6, 2001, Mr. Muchnicki did not mail Sswajje's notice of appeal to the BIA until April 7, 2001. (A.R. 89.) The BIA received the notice of appeal on April 9, 2001. (A.R. 85.)

The INS moved for summary dismissal of Sswajje's BIA appeal on the ground of untimeliness. (A.R. 83.) Mr. Muchnicki filed an opposition on Sswajje's behalf, admitting that he had made an error calculating the due date of the appeal due to a distracting "mini-crisis" in his law practice. (A.R. 44-52.) On April 22, 2002, the BIA issued an order dismissing the appeal as untimely. (A.R. 2.)

On May 21, 2002, the same day Sswajje noticed his appeal to this Court in Case No. 02-3558, Sswajje filed a motion with the BIA for reconsideration of its April 22, 2002, order dismissing his appeal of the immigration judge's order. (J.A. 4-5.) In that motion, Sswajje argued that the late-filed appeal of the immigration judge's decision was excusable because his attorney had miscalculated the due date and because the merits of his immigration case allegedly showed he would face certain persecution if he were returned to his native Uganda. On December 27, 2002, the BIA denied the motion to reconsider because Sswajje had "established no error of law or fact" in the BIA's April 22, 2002, order. Specifically, since Sswajje's reconsideration motion confirmed that his appeal was untimely due to his counsel's error, the BIA had not committed a factual error in its April 22, 2002, order. (J.A. 3.)

## II.

Federal Regulations in effect at the time of Sswajje's immigration proceedings in 2001 provide that the BIA has appellate jurisdiction from decisions of immigration judges in asylum cases, deportation cases and removal proceedings. 8 C.F.R. §§ 3.1(b), 3.3(a)(1), 3.38(a) (2001). An appeal is not deemed properly filed unless it is received at the BIA within the specified time for appeal. *Id. §* 3.3(a)(1). To effectuate a timely appeal of the decision of an immigration judge, the petitioner has to ensure that the BIA receives the notice of appeal "within 30 calendar days after the stating of an Immigration Judge's oral decision…." *Id.* at §§ 3.3(a)(1), 3.38(b)-(c), 240.15. The decision of the immigration judge becomes final upon expiration of the time to appeal if no appeal has been taken. *Id.* at §§ 3.39, 240.14. The BIA has the authority to summarily dismiss any appeal that is untimely. *Id. §* 3.1(d)(2)(F).

It is undisputed that Sswajje filed his notice of appeal too late. Since the immigration judge had rendered an oral decision on March 7, 2001, Sswajje was required to have filed his notice of appeal by no later than April 6, 2001. He did not even mail the notice of appeal until April 7, 2001, and the appeal was not filed by the BIA until April 9, 2001. Sswajje nevertheless argues that the BIA should have entertained the untimely appeal because of "extraordinary and unique circumstances," namely, the excusable neglect of his attorney in missing the appeal deadline and the strong likelihood that he will be persecuted if he is denied an appeal and returned to Uganda.

Sswajje's first argument is meritless in light of this Court's holding in *Anssari-Gharachedaghy v. INS,* 246 F.3d 512, 515 (6th Cir. 2000) (assuming *arguendo* that the BIA has discretion to entertain late-filed appeals in unique and extraordinary circumstances, BIA did not abuse its discretion in dismissing untimely appeals; order of immigration judge had notified petitioners that they had to file their appeals with

the BIA by November 12, 1998, but counsel mailed the appeals on November 9, 1998 and they did not reach the BIA until November 13, 1998). The immigration judge explicitly told Sswajje in the presence of his attorney that the BIA had to receive the appeal no later than April 6, 2001. Thus, it makes no sense for Sswajje to argue that his counsel, so distracted by other matters in his office, made an error in calculating the appeal deadline. There were no calculations to be done. To find unique and extraordinary circumstances on these facts, this Court would have to eviscerate its holding in *Anssari-Gharachedaghy.*

Sswajje also cannot rely on the alleged merits of his asylum application to show unique and extraordinary circumstances. This approach effectively would require the Court to review the decision of the immigration judge. This Court has no jurisdiction to review the immigration judge's decision, however, because Sswajje failed to exhaust all available administrative remedies by filing a timely appeal to the BIA. *See Perkovic v. INS,* 33 F.3d 615, 619 (6th Cir. 1994) ("Insofar as a petitioner fails to exhaust his available administrative remedies, … a federal court is without jurisdiction to consider his petition for review."); *Harchenko v. INS,* 22 FED App. 540, 543 (6th Cir. 2001) (court lacked jurisdiction over certain issues; petitioner had failed to exhaust administrative remedies as to those issues because brief filed with the BIA on those issued had been untimely); *Da Cruz v. INS,* 4 F.3d 721, 722-23 (9th Cir. 1993) ("We have no jurisdiction to review the Immigration Judge's decision because the INS did not timely appeal to the BIA.") (citation omitted). Accordingly, Sswajje's petition for review of the BIA's order in Case No. 02-3558 is not well-taken.

## III.

BIA regulations authorize a motion for reconsideration of a BIA decision and provide that such a motion "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by

pertinent authority." 8 C.F.R. § 1003.2(b)(1). The BIA's decision to deny a motion for reconsideration is reviewed for abuse of discretion. *Dawood-Haio v. INS,* 800 F.2d 90, 95 (6th Cir. 1986.) The BIA abuses its discretion when it acts arbitrarily, irrationally or contrary to law. *Babai v. INS,* 985 F.2d 252, 255 (6th Cir. 1993).

The BIA did not abuse its discretion in denying Sswajje's motion for reconsideration because the motion alerted the BIA to no legal or factual arguments that had not already been presented to the BIA in response to the INS's motion for summary dismissal of the untimely appeal of the immigration judge's order. Perhaps recognizing this fact, Sswajje's attorney, Mr. Muchnicki, now argues that his failure to file a timely appeal amounted to ineffective assistance of counsel, which should have excused his client's noncompliance with the appeal deadline. Sswajje cannot avail himself of this argument, however, because he did not raise it in the BIA proceedings. There, he argued only that the merits of his immigration case justified an exception to the appeal deadline and that Sswajje should not be punished for his counsel's "simple" mistake. He never argued that his counsel's mistake rose to the level of a deprivation of due process. This Court therefore lacks jurisdiction to entertain Sswajje's ineffective assistance of counsel argument because he failed to exhaust his administrative remedies. *Cf. Harchenko,* 22 FED App. at 543 (holding that court lacks jurisdiction over issues not raised before the BIA; petitioner had failed to exhaust administrative remedies as to those issues because brief filed with the BIA on those issued had been untimely); *Akinwunmi v. INS,* 194 F.3d 1340, 1341 (10th Cir. 1999) ("… [B]ecause the BIA provides a mechanism for hearing an ineffective assistance claim, an alien's failure to raise the claim to the BIA deprives this court of jurisdiction to review it.").

The proper avenue for raising ineffective assistance of counsel is by filing a motion to reopen proceedings with the BIA. *Matter of Lozada,* 19 I & N. Dec. 637, 639 (1988). In support of that motion, the alien is required (1) to file an

affidavit stating his agreement with former counsel with respect to the actions to be taken on appeal and what counsel did nor did not represent to the alien in this regard; (2) to show that former counsel was informed of the allegations and was given an opportunity to respond; and (3) to state whether a complaint has been filed with appropriate disciplinary authorities regarding the allegedly ineffective representation. *Id.; see also Hamid v. Ashcroft,* 336 F.3d 465, 469 (6th Cir. 2003) ("Sound policy reasons support compliance with the *Lozada* requirements."). Sswajje arguably can bypass the first two *Lozada* requirements (because Mr. Muchnicki himself has argued that his representation was ineffective), but there is no evidence in the record as to whether disciplinary authorities have been notified of Mr. Muchnicki's alleged misconduct. The BIA has explained that this requirement "not only serves to deter meritless claims of ineffective representation but also highlights the standard which should be expected of attorneys who represent persons in immigration proceedings, the outcome of which may, and often does, have enormous significance for the person." *Id.* at 639-40. Since Sswajje failed to follow this process for consideration of ineffective assistance claims, this Court lacks jurisdiction to determine the merits of this argument.

IV.

For the foregoing reasons, Gerald Sswajje's petitions for review of the BIA orders in Case Nos. 02-3558 and 03-3023 are hereby **DENIED.**