**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0871n.06
Filed: December 1, 2006

## No. 05-3930

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROUMIANA I. TENEVA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM A FINAL ORDER OF THE |
| | ) | BOARD OF IMMIGRATION |
| ALBERTO R. GONZALES, Attorney | ) | APPEALS |
| General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: SUTTON and GRIFFIN, Circuit Judges; COHN, District Judge.*

PER CURIAM. Roumiana I. Teneva, through counsel, petitions this court for review of the final order of the Board of Immigration Appeals ("BIA") dismissing her appeal of a decision by an immigration judge ("IJ") denying her application for asylum and withholding of removal. The parties have waived oral argument on appeal and, upon review, the panel concludes that oral argument is not needed. Fed. R. App. P. 34(a).

Teneva, a native and citizen of Bulgaria, entered the United States in September 1995. Thereafter, Teneva applied for asylum and withholding of removal, alleging that she had been persecuted on account of her race, nationality, membership in a particular social group, and political opinion based upon her Macedonian heritage and her membership in the United Macedonian Organization. Teneva was subsequently granted asylum.

---

*The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

Thereafter, the Immigration and Naturalization Service ("INS") served a notice of intent to terminate asylum status on Teneva because its investigation of her claim disclosed that it was based upon fraudulent documents. After conducting an interview with Teneva and accepting additional documentation from her, the INS terminated Teneva's grant of asylum. The INS then issued a notice to appear to Teneva, charging her with removability under Immigration and Nationality Act § 237(a)(1)(B), codified at 8 U.S.C. § 1227(a)(1)(B), as an alien who, after admission as a nonimmigrant, remained in the United States a longer time than permitted.

Teneva admitted to the factual allegations contained in her notice to appear and conceded that she was removable. Thereafter, Teneva renewed her asylum application. After conducting a hearing, the IJ denied Teneva's application for asylum and withholding of removal because she lacked credibility. Teneva appealed the IJ's decision to the BIA. The BIA dismissed Teneva's appeal after concluding that the record supported the IJ's decision and setting forth some of the inconsistencies among her asylum applications, her testimony, her witnesses' testimony, and her documentation. Teneva timely petitioned for review.

Teneva argues that the IJ's adverse credibility determination was not supported by substantial evidence. We review the BIA's decision except to the extent it expressly adopts the IJ's decision. *See Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003). To the extent the BIA adopts the IJ's reasoning, we review the IJ's decision. *Id.* We review the BIA's adverse credibility determination for substantial evidence. *Yu v. Ashcroft*, 364 F.3d 700, 703 (6th Cir. 2004). Under this "highly deferential standard," we will uphold the BIA's decision unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). Uncorroborated but credible testimony from the applicant may be sufficient alone to sustain the burden of proof for asylum. 8 C.F.R. §§ 208.13(a), 208.16(b). Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishment as the applicant repeatedly recounts her story. *Matter of B-*, 21 I & N Dec. 66, 70 (BIA 1995) (en banc). The weaker the applicant's testimony, the greater the need for corroborative evidence. *See Matter of Y-B-*, 21 I & N Dec. 1136, 1139 (BIA 1998) (en banc). Moreover, the BIA's adverse

credibility finding may not be based on inconsistencies that are irrelevant to the petitioner's claims of persecution. *Daneshvar v. Ashcroft*, 355 F.3d 615, 620 n.2 (6th Cir. 2004).

Substantial evidence supports the IJ's decision. Although Teneva contends that the IJ gave controlling weight to the evidence that her medical certificates were fraudulent and failed to assign her documents due weight, the IJ specifically set forth all of the evidence in the case and determined what weight it should receive based upon its relevance and origin. There were numerous inconsistencies, contradictions, and omissions among Teneva's asylum applications, her testimony, her witnesses' testimony, and her documentation which went to the heart of her claim.

Teneva also argues that she is eligible for asylum and withholding of removal. The BIA's decision must be upheld if it is supported by reasonable, substantial, and probative evidence on the record as a whole, even if we might have decided the case differently. *See Koliada v. INS*, 259 F.3d 482, 486 (6th Cir. 2001). In light of the BIA's adverse credibility finding, Teneva has not presented compelling evidence to support her asylum claim. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992); *Chebchoub v. INS*, 257 F.3d 1038, 1045 (9th Cir. 2001). If an applicant is unable to meet the well-founded fear standard for asylum, she is precluded from qualifying for withholding of removal under the INA, which has a higher burden of proof. *Mikhailevitch v. INS*, 146 F.3d 384, 391 (6th Cir. 1998). Accordingly, substantial evidence supports the BIA's decision denying Teneva withholding of removal.

Teneva argues that her appeal should be remanded to the BIA under *Liti v. Gonzales*, 411 F.3d 631 (6th Cir. 2005). In *Liti*, this court stayed entry of its order to permit the petitioners to seek reopening of their asylum claim under 8 C.F.R. § 1208.13(b)(1)(iii)(B), a ground which was previously unavailable to them. *Liti*, 411 F.3d at 641-42. Teneva did not argue before the BIA that she was eligible for relief under 8 C.F.R. § 1208.13(b)(1)(iii)(B); thus, we lack jurisdiction over this issue because Teneva failed to exhaust her administrative remedies. *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003). In any event, remand for reopening would be inappropriate, as Teneva could have sought relief under this provision during the pendency of her administrative proceedings.

For the foregoing reasons, Teneva's petition for review is denied.