NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0615n.06

No. 11-3591

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Jun 13, 2012***

LEONARD GREEN, Clerk

MAHMOUD ABEL AZIZ MAHMO )
HASAN, )
 )
    Petitioner, )
 )
 ) ON PETITION FOR REVIEW FROM A
v. ) FINAL ORDER OF THE BOARD OF
 ) IMMIGRATION APPEALS
ERIC H. HOLDER, JR., Attorney General )
of the United States, )
 )
    Respondent. )

BEFORE:  MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

    **PER CURIAM.**  Mahmoud Abel Aziz Mahmo Hasan petitions for review of an order by the Board of Immigration Appeals (BIA).  The BIA denied his motion for reconsideration of its prior decision which affirmed an Immigration Judge's (IJ) denial of Hasan's motion to reopen.

    Although Hasan once lived in Livonia, Michigan, he notified the immigration court on October 14, 2008, that he had moved to an apartment on Third Avenue in Brooklyn, New York. Hasan also testified in May 2009 that he was living at the Brooklyn address.  An individual hearing was scheduled and a notice of that hearing was then mailed to Hasan at the Brooklyn address via regular mail.  However, this letter was returned as undeliverable.  The immigration court sent another letter on June 3, 2009, informing Hasan of his individual hearing date.  Again, the letter was returned

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

as undeliverable. When Hasan failed to appear at the June 23, 2009, hearing, the IJ ordered him removed to Israel.

Hasan then filed a motion to reopen his case with the IJ, claiming that he had never received notice of the June 23 hearing. Hasan included a change-of-address form with his motion to reopen, indicating that he had moved to 7207 Fifth Avenue in Brooklyn, New York. The IJ declined to reopen the case because the court had followed regulatory procedure when it sent Hasan's notice to his last known address. The IJ also found that Hasan had intentionally evaded delivery. On July 30, 2010, the BIA affirmed the IJ's denial of Hasan's motion to reopen for the reasons stated in the IJ's decision.

Hasan filed a motion to reconsider the BIA's July 30 decision, arguing that the BIA erroneously affirmed the IJ's decision because he had never actually received notice of the hearing, and had not supplied a false address, as the IJ had implied. On May 9, 2011, the BIA denied the motion, construing it as both a motion to reconsider and a motion to reopen because Hasan had proffered additional evidence to support the motion.

The BIA determined that Hasan was presenting arguments that could have been presented in his initial appeal and, to that extent, presented nothing to warrant reconsideration of its previous decision. The BIA also determined that, construed as a motion to reopen, the motion was untimely and number-barred, citing 8 U.S.C. § 1229a(c)(7)(A), 8 C.F.R. §§ 1003.2(c)(2), (c)(3) and 8 C.F.R. § 1003.23(b)(4)(ii). Hasan filed a petition for review on June 6, 2011, summarily challenging the BIA's May 9 decision, and arguing that the IJ should not have ordered his removal *in absentia* when he had never received actual notice of the hearing.

Only the BIA's May 9, 2011, order denying reconsideration and the motion to reopen is before us for review. The BIA properly determined that the motion to reopen was numerically barred. *See* 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2); *see also Tapia-Martinez v.*

*Gonzales*, 482 F.3d 417, 420–22 (6th Cir. 2007). Moreover, none of the exceptions to these statutory and regulatory rules applies.

Concerning the motion to reconsider, we review a BIA's decision for an abuse of discretion. *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003). Pursuant to 8 C.F.R. § 1003.2(b)(1), a motion for reconsideration of a decision by the BIA must "state the reasons for the motion by specifying the errors of fact or law" in the prior decision, and must be "supported by pertinent authority." Such a motion requires more than a presentation of the same facts and arguments already considered. *Sswajje*, 350 F.3d at 533. The BIA properly determined that the arguments that Hasan raises could either have been presented on appeal, or were based on claims and facts already available and considered by the IJ and by the BIA. Thus, the BIA did not abuse its discretion in denying this motion.

The petition for review is denied.