NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0532n.06

No. 18-3123

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| VIKAS MANUBHAI PATEL, | ) | **FILED** |
|  | ) | Oct 24, 2018 |
| Petitioner, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON PETITION FOR REVIEW |
|  | ) | FROM THE UNITED STATES |
| JEFFERSON B. SESSIONS, III, Attorney General, | ) | BOARD OF IMMIGRATION |
|  | ) | APPEALS |
| Respondent. | ) |  |

Before: KEITH, COOK, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Vikas Manubhai Patel, a native and citizen of India, sought to reopen his removal proceeding twelve years after an Immigration Judge (IJ) ordered him removed from the United States. Patel argued that he never received notice of his removal hearing and that changed conditions in India justified reopening the proceeding and allowing him to apply for relief from removal. The IJ denied Patel's motion to reopen, and the Board of Immigration Appeals (BIA) dismissed Patel's appeal from that decision. When Patel moved the BIA to reconsider its dismissal, the BIA adhered. Patel now petitions this court for review of the BIA's denial of his motion to reconsider. Finding that the BIA did not abuse its discretion, we DENY the petition for review.

I.

Patel entered the United States without proper documentation in July 2000. On August 18, 2004, agents of the Department of Homeland Security (DHS), acting on a report from police in Dearborn, Michigan, apprehended Patel and one other alien at a Dearborn hotel. Patel claimed to

be visiting from New Jersey and said he was without a passport. The DHS agents arrested Patel and transported him to a Border Patrol station for processing. At the station, DHS agents found Patel's passport in the belongings of an Iraqi national who was in custody on suspicion of document fraud and other crimes. Patel was then lodged at the Monroe County jail.

That same day, DHS agents personally served Patel with a Notice to Appear (NTA). The NTA contains Patel's signature and fingerprint and states that he received oral warnings in English regarding the consequences of failing to appear at his removal hearing. DHS then commenced removal proceedings against Patel by filing the NTA with the Detroit Immigration Court. This filing noted that Patel was released from custody after posting a $25,000 bond and that he reported his address as 1440 N. Dixie Hwy, Monroe, MI 48618.

On October 21, 2004, the Immigration Court sent notice by regular mail to this address, informing Patel that his removal hearing was scheduled for November 5, 2004. Patel did not attend the hearing, and the IJ ordered him removed in absentia. Notice of the IJ's November 5 decision was mailed to Patel's only known address, but the letter was returned to the Immigration Court, marked, "Attempted Not Known," with the handwritten notation, "No longer here. Return to sender. Moved." Patel was then sent a certified letter with a copy of his removal order, but this was also sent back, marked, "Return to sender. Refused."

Twelve years later, in December 2016, Patel filed a motion with the Immigration Court to reopen his removal proceeding. The motion claimed that Patel had never received notice of his removal hearing and that changed political conditions in India warranted reopening his proceeding so he could apply for asylum and withholding of removal. The IJ denied Patel's motion after determining that (1) the government had given proper notice by personally serving Patel with the NTA and sending notice of his removal hearing to the address Patel provided; (2) Patel had failed

-2-

to demonstrate that conditions in India had materially changed since his 2004 removal order; and (3) Patel had failed to establish prima facie eligibility for asylum or withholding of removal. Patel appealed this ruling to the BIA. But the BIA found that the IJ had correctly denied reopening, and so dismissed Patel's appeal on June 21, 2017.

Patel did not petition this court for review of the BIA's June 2017 order. Instead, Patel filed a motion to reconsider with the BIA, arguing, again, that he had not received adequate notice of his removal hearing. On January 5, 2018, the BIA denied Patel's motion. Patel timely petitioned this court for review of the BIA's decision.

## II.

As a threshold matter, this court lacks jurisdiction to review the BIA's June 2017 order dismissing Patel's appeal. To preserve appellate review of the BIA's June 2017 order, Patel needed to file a petition for review in this court within thirty days of that decision. *See Wajda v. Holder*, 727 F.3d 457, 461 (6th Cir. 2013); 8 U.S.C. § 1252(b)(1). Patel failed to do this, and his pursuit of further review with the agency via a motion to reconsider did not toll the thirty-day period for seeking review of the June 2017 order. *See Gor v. Holder*, 607 F.3d 180, 185 (6th Cir. 2010). Therefore, the only decision properly before this court is the BIA's January 2018 order denying Patel's motion to reconsider.[1]

We review the BIA's denial of a motion to reconsider for an abuse of discretion. *Wajda*, 727 F.3d at 462. "The BIA abuses its discretion when it acts arbitrarily, irrationally or contrary to law." *Id*. (quoting *Sswajje v. Ashcroft,* 350 F.3d 528, 532 (6th Cir. 2003) (citation omitted)). We have explained that "an abuse of discretion occurs if the denial 'was made without a rational

---

[1] The limited scope of our review means that we lack jurisdiction to review Patel's arguments concerning changed country conditions; Patel failed to raise these arguments in his motion to reconsider, and we cannot review the BIA's June 2017 order addressing and rejecting them.

explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Id*. (quoting *Allabani v. Gonzales,* 402 F.3d 668, 675 (6th Cir. 2005)).

The government asserts that Patel forfeited any challenge to the BIA's denial of the motion to reconsider because his petition for review never challenges the BIA's rationale for its decision—namely, that Patel's motion did not satisfy the statutory requirements for a motion to reconsider. A motion to reconsider "shall specify the errors of law or fact" in the BIA's subject decision, and it must support its claims with relevant authority. 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). The BIA denied Patel's motion because it "largely raises the same or similar arguments . . . as were raised in his prior appeal brief." And the BIA explained that it had "fully considered those arguments and found them unpersuasive when [it] dismissed the respondent's appeal." *See also Matter of O-S-G-*, 24 I. & N. Dec. 56, 58 (B.I.A. 2006) (stating that a motion to reconsider "is not a process by which a party may submit, in essence, the same brief presented on appeal and seek reconsideration by generally alleging error in the prior Board decision").

The government is right that Patel's petition for review does not explain how the BIA erred in concluding that he had failed to satisfy the requirements of a motion to reconsider. Patel's petition primarily focuses on the putative errors in the June 2017 order denying reopening. We need not decide whether Patel has forfeited his challenge entirely, however, because the BIA plainly did not abuse its discretion when it denied Patel's motion to reconsider its prior decision.

Patel's motion to reconsider made two arguments. First, Patel argued that he "simply cannot be charged with legally sufficient service of the NTA" because he received oral warnings regarding the consequences of failing to appear at his removal hearing in English, a language he does not understand. Patel based this argument on 8 U.S.C. § 1229a(b)(7) and a BIA decision

construing this provision. *See In re M-S-*, 22 I & N Dec. 349, 352–56 (B.I.A. 1998). But Patel misunderstands § 1229a(b)(7), which does not require oral warnings or suggest that the absence of such warnings justifies reopening a removal proceeding. Rather, this provision imposes an additional penalty—a ten-year bar to eligibility for certain forms of discretionary relief—when an alien has received oral notice in a language he understands but nevertheless fails to appear at the removal hearing and is then ordered removed in absentia. *Id.*; *see also Aragon-Munoz v. Mukasey*, 520 F.3d 82, 86 (1st Cir. 2008) ("Although the statutory bar applies if oral notice was given, the statute does not purport to *require* such notice." (emphasis in original)). In short, the BIA did not abuse its discretion by refusing to reconsider its prior rejection of this argument.

Second, Patel's motion to reconsider asserted that "[t]he address provided in connection with his immigration bond appears to be a motel address, a place where he could not be expected to remain for any extended period of time," and, since the address was manifestly impermanent, it should have been obvious that Patel "simply did not receive the notice of hearing." But Patel had a statutory duty to "provide the Attorney General immediately with a written record of any change [in his] address." 8 U.S.C. § 1229(a)(1)(F)(ii). And Patel's failure to do so relieved the government of its duty to provide him with written notice of his removal hearing. *See id.* § 1229a(b)(5)(B); *see also Sanchez v. Holder*, 627 F.3d 226, 233 (6th Cir. 2010) ("[Removal] proceedings will not be reopened if the alien fails to receive a hearing notice because the alien's own conduct made him or her unreachable . . . .").

Patel does not deny that he was personally served with an NTA specifying his obligation to update his address and the consequences for failing to do so. Instead, Patel claims that "he cannot be charged with the statutory responsibility to provide current address information" because the NTA was in English. The Immigration and Nationality Act (INA), however, does not require

that the NTA be explained or written in an alien's native language. *See* 8 U.S.C. § 1229(a)(1); *see also Lopes v. Gonzales*, 468 F.3d 81, 84–85 (2d Cir. 2006). And courts have held that "personal service in English to a non-English-speaker typically satisfies due process because it puts the alien on notice that further inquiry is needed, leaving the alien to seek help from someone who can overcome the language barrier." *Xinquan Zhong v. Sessions*, No. 17-4227, 2018 WL 3752141, at *2 (6th Cir. Aug. 7, 2018) (quoting *Singh v. Holder*, 749 F.3d 622, 626 (7th Cir. 2014)). Here, the IJ held that Patel received adequate notice of his obligation to update his address, finding that there was no evidence Patel made "any attempt to have someone read or translate" the NTA in his possession. The BIA did not abuse its discretion by refusing to reconsider its opinion affirming the IJ's decision.

* * *

For these reasons, we DENY Patel's petition for review.