NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0326n.06

No. 18-4047

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 26, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| FERMIN OMAR CHIRINOS-ARDON, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| WILLIAM P. BARR, Attorney General, | ) APPEALS |
| | ) |
| Respondent. | ) |
| | ) |

BEFORE: SILER, BATCHELDER, and DONALD, Circuit Judges.

PER CURIAM. Fermin Omar Chirinos-Ardon, a native and citizen of Honduras, petitions this court for review of an order of the Board of Immigration Appeals (BIA) summarily dismissing his appeal from the denial of his application for withholding of removal and protection under the Convention Against Torture (CAT). As set forth below, we **DISMISS** the petition for lack of jurisdiction.

In 2011, the Department of Homeland Security served Chirinos-Ardon with a notice to appear in removal proceedings, charging him with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). In a hearing before an immigration judge (IJ), Chirinos-Ardon admitted the factual allegations set forth in the notice to appear, with the amendment that he arrived in the United States by crossing the border into Texas in 2002, and conceded removability as charged. The IJ sustained the charge of removability based on Chirinos-Ardon's admissions and concession.

Chirinos-Ardon filed an application for withholding of removal based on his membership in a particular social group and for protection under the CAT. With respect to his membership in a particular social group, Chirinos-Ardon asserted, "Respondent is surviving family member whose brother was a victim of the vicious criminal assault by gang members in his native country, who also threaten to kill respondent and members of respondent's family." (AR 265). At the merits hearing, Chirinos-Ardon testified that gang members shot and killed his nephew and his brother in separate incidents and that he will be killed if he returns to Honduras. According to Chirinos-Ardon, gang members will think that he will retaliate against them for attacking his family.

The IJ denied Chirinos-Ardon's application for withholding of removal and CAT protection, but granted his request for voluntary departure. The IJ found that Chirinos-Ardon testified credibly and provided corroboration for his claims, but that his testimony and corroborating evidence failed to carry his burden of proof as to the legal elements of his claims. According to the IJ, Chirinos-Ardon had failed to establish past persecution because he had not experienced any harm or threats directly. Pointing out that Chirinos-Ardon did not fear harm by the government in Honduras, the IJ concluded that he had failed to demonstrate that government authorities would be unable or unwilling to provide assistance if he or his family reported problems with gang members. The IJ went on to determine that Chirinos-Ardon had failed to establish the required nexus between his feared harm in Honduras and a statutorily protected ground. According to the IJ, the particular social group proposed by Chirinos-Ardon was not cognizable because it was circularly defined by the harm to him. To the extent that Chirinos-Ardon claimed his family as his particular social group, the IJ determined, he had failed to show that gang members targeted him and his family members on account of their familial relationship and not some other motive.

The IJ further found that Chirinos-Ardon had failed to establish that he could not relocate within Honduras given that his family members had relocated and had not been harmed. Finally, the IJ determined that Chirinos-Ardon had failed to meet his burden of proof for CAT protection.

Chirinos-Ardon appealed the IJ's decision to the BIA. In his notice of appeal, Chirinos-Ardon asserted:

> The Respondent testified at length as to the fear he had returning to Honduras because of the threats to him and his family from gangs. Respondent offered documentation to support his claims.

> The Immigration Judge's discretion to deny his application for withholding of removal was in error. And for these reasons, Respondent appeals to this Board.

(AR 33). After the BIA granted a briefing extension, Chirinos-Ardon filed a brief stating in whole:

> The Respondent testified at length as to the fear he had returning to Honduras because of the threats to him and his family from gangs. Respondent corroborated his claims, offering documentary proof of the harm he suffered. The Immigration Judge determined that the Respondent's testimony was credible.

> The Immigration Judge's decision to exercise its discretion not in favor of the Respondent, and to deny his application for withholding of removal, was in error. And for these reasons, Respondent appeals to this Board.

(AR 9). The BIA summarily dismissed Chirinos-Ardon's appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A), pointing out that he had failed to specify any error in the IJ's denial of his application for withholding of removal and CAT protection, and reinstated the voluntary departure period granted by the IJ.

This timely petition for review followed. As an initial matter, we note that Chirinos-Ardon's brief in support of his petition raises nonexistent errors. Chirinos-Ardon refers to his asylum claim and cites the legal standards for obtaining asylum. But Chirinos-Ardon did not seek asylum before the administrative agency. Chirinos-Ardon asserts in his statement of the issues that the BIA violated his due process rights by concurring with the IJ's denial of a continuance to

allow the translation of a materially relevant document. Because Chirinos-Ardon does not mention this issue again in his brief, we deem the issue forfeited. *See Koussan v. Holder*, 556 F.3d 403, 404 n.1 (6th Cir. 2009), *abrogated on other grounds by Judulang v. Holder*, 565 U.S. 42 (2011); *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 525 n.4 (6th Cir. 2006). Furthermore, the administrative record does not show the denial of any such request for a continuance, instead demonstrating that the IJ granted Chirinos-Ardon additional time to file documents that were being translated. (AR 86).

We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "[T]his requirement is jurisdictional, and thus where a petitioner has failed to exhaust his administrative remedies, 'a federal court is without jurisdiction to consider his petition for review.'" *Hassan v. Gonzales*, 403 F.3d 429, 432 (6th Cir. 2005) (quoting *Perkovic v. INS*, 33 F.3d 615, 619 (6th Cir. 1994)). The BIA summarily dismissed Chirinos-Ardon's appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A), which allows the BIA to "summarily dismiss any appeal or portion of any appeal in any case in which . . . [t]he party concerned fails to specify the reasons for the appeal." Where, as here, "the BIA has dismissed an appeal for failure to satisfy the specificity requirement, administrative remedies are unexhausted and a court has no jurisdiction to review the IJ's decision." *Hassan*, 403 F.3d at 433.

Chirinos-Ardon does not challenge the BIA's summary dismissal, thereby forfeiting review of the BIA's order. *See Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005). We otherwise lack jurisdiction to review Chirinos-Ardon's unexhausted arguments about the IJ's denial of his application for withholding of removal and CAT protection.

Chirinos-Ardon asks this court to remand his case to the BIA to allow him to file a motion to reopen his removal proceedings based on ineffective assistance of counsel. Chirinos-Ardon asserts that his prior counsel provided ineffective assistance by submitting a two-paragraph brief to the BIA and that his prior counsel's deficient brief prejudiced his appeal. "The proper avenue for raising ineffective assistance of counsel is by filing a motion to reopen proceedings with the BIA." *Sswajje v. Ashcroft*, 350 F.3d 528, 533 (6th Cir. 2003). Chirinos-Ardon fails to cite any authority requiring him to obtain a remand from this court rather than simply filing a motion to reopen with the BIA in accordance with 8 C.F.R. § 1003.2. To the extent that Chirinos-Ardon asks this court to consider his prior counsel's alleged ineffectiveness, we lack jurisdiction to review this unexhausted argument. *See Sswajje*, 350 F.3d at 533.

For these reasons, we **DISMISS** Chirinos-Ardon's petition for lack of jurisdiction.