NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0358n.06

No. 22-3530

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 07, 2023
DEBORAH S. HUNT, Clerk

GUO PING WU, aka Xin Mao Wu,

    Petitioner

    v.

MERRICK B. GARLAND, Attorney General,

    Respondent

)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW FROM
THE BOARD OF IMMIGRATION
APPEALS

OPINION

Before:  SILER, KETHLEDGE, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.**  The Board of Immigration Appeals ("BIA") denied Petitioner Guo Ping Wu's motion to reopen his removal proceedings, finding his claim untimely and number-barred.  It also declined to reopen his case sua sponte.  Wu petitions for review, which we deny because he failed to present his argument to the BIA, fails to show that he qualifies for the asserted exception to the time and number bars, and our jurisdiction generally does not extend to the BIA's sua-sponte authority to reopen.

**I.**

Wu, a native and citizen of the People's Republic of China, entered the United States in San Ysidro, California in 1995.  In October 1996, an immigration judge ("IJ") entered an in-absentia deportation order against Wu.  In November 2002, the Immigration and Naturalization Service approved an I-140 petition filed by Wu's employer, a Connecticut restaurant, to designate Wu a skilled worker and allow him to pursue permanent residency.  He was given a priority date

of April 11, 2001. In March 2003, an IJ denied Wu's first motion to reopen, which was based on both his assertion that he had not received notice of his hearing and reliance on the approved I-140 petition. The BIA affirmed this denial in December 2004. Wu filed a second motion to reopen the following year, this time based on changed personal circumstances and country conditions. The BIA denied this motion in June 2005. Wu appealed, and we remanded the case to the BIA because the Board failed to consider an argument he made in his motion to reopen. *Xin Mao Wu v. Gonzales*, 214 F. App'x 592, 594 (6th Cir. 2007). The BIA denied the motion on remand, and we denied Wu's petition for review. *See Guo Ping Wu v. Holder*, 339 F. App'x 596, 597 (6th Cir. 2009).

Wu filed his third motion to reopen, the subject of his present appeal, on December 15, 2020. This motion asserted that Wu was prima-facie eligible for adjustment of status based on new and material evidence that was unavailable at the time of the previous proceedings, specifically, an I-140 petition filed by his current employer, a Tennessee restaurant, that was approved on December 4, 2018, with the same April 11, 2001, priority date. The BIA denied Wu's motion, finding it untimely, number-barred, and not covered by an exception to these restrictions. The BIA declined to exercise its sua-sponte authority to reopen, explaining that it does not typically exercise this authority to reopen "based on equities that were acquired while [the noncitizen] remained illegally in the United States after being ordered removed." AR 3 (quoting *Matter of H-Y-Z-*, 28 I. & N. Dec. 156, 161 (B.I.A. 2020)).

Wu now petitions for review, arguing that the BIA abused its discretion in finding his motion ineligible for an exception to the time and number bars and in refusing to reopen his case sua sponte.

**II.**

We review the BIA's denial of a motion to reopen for abuse of discretion, which occurs when the BIA "acts arbitrarily, irrationally, or contrary to law." *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003). We generally lack jurisdiction to review the BIA's decision not to exercise its sua-sponte authority to reopen a case. *Rais v. Holder*, 768 F.3d 453, 464 (6th Cir. 2014).

**III.**

Wu first argues that the BIA abused its discretion when it found his latest motion to reopen ineligible for an exception to the time and number bars. He asserts that the new I-140 petition makes him prima-facie eligible for adjustment of status under 8 U.S.C. § 1255(a) and (i), and that his motion to reopen is excepted from the time and number bars under 8 C.F.R. § 1003.2(c)(3)(v). The government responds that the BIA did not abuse its discretion and that Wu failed to exhaust his argument before the BIA.

Pursuant to 8 U.S.C. § 1255(a) and (i), noncitizens may adjust their immigration status, even if they entered the country without inspection, if certain conditions are met. The procedures for reopening removal proceedings before the BIA are described in 8 U.S.C. § 1229a(c)(7), as implemented by 8 C.F.R. § 1003.2(c). Reopening is permitted where the petitioner shows material facts that were "not available and could not have been discovered or presented at the former hearing," *id.* §§ 1003.2(c)(1)—provided that the motion must be filed no later than ninety days after the final order (the time bar), and petitioners are limited to one such motion (the number bar), *id.* § 1003.2(c)(2). But these bars do not apply if the petitioner satisfies one of the exceptions set out in § 1003.2(c)(3). One of these exceptions applies if "a three-member panel of the Board agrees that reopening is warranted" because "(A) [a] material change in fact or law underlying a removability ground or grounds . . . occurred after the entry of an administratively final order that

vitiates all grounds of removability applicable to the alien; and (B) [t]he movant exercised diligence in pursuing the motion to reopen." *Id.* § 1003.2(c)(3)(v).

Wu invokes the § 1003.2(c)(3)(v) exception on appeal and asserts that his motion is not number-barred because his previous motions to reopen fell under other exceptions, namely the exception for contesting in-absentia rulings based on exceptional circumstances, 8 C.F.R. § 1003.23(b)(4)(iii)(A), and the exception for demonstrating changed country circumstances, *see* § 1003.2(c)(3)(ii). He points out that neither of these exceptions mentions a limit on the number of motions that may be filed, but the exception he now invokes specifically limits individuals to "one motion to reopen pursuant to this paragraph (c)(3)," § 1003.2(c)(3)(v). Thus, in his view, this means a noncitizen is limited to one motion to reopen under § 1003.2(c)(3)(v) but prior invocations of other exceptions do not count against this limit.

In response, the government argues that the BIA did not abuse its discretion in finding Wu's motion time- and number-barred because 8 U.S.C. § 1229a(c)(7)(A) and (C) and 8 C.F.R. § 1003.2(c)(2) limit a party to "one" motion to reopen "within 90 days of the date of entry of a final administrative order of removal" and the present motion is Wu's third and was filed approximately twenty-four years after the IJ's in-absentia order. As to the § 1003.2(c)(3)(v) exception, the government argues that we lack jurisdiction because Wu's argument is unexhausted, *see* 8 U.S.C. § 1252(d)(1) (providing that "[a] court may review a final order of removal only if . . . the [noncitizen] has exhausted all administrative remedies available to the [noncitizen] as of right"); and that even if we could consider the argument, Wu has not shown the exception applies because 1) the newly approved I-140 petition does not "vitiate[] all grounds of removability applicable to [Wu]," as § 1003.2(c)(3)(v) requires, and 2) Wu has not shown "he acted with the

requisite diligence, nor has he demonstrated that three Board members agree that [his case] warrants reopening," as § 1003.2(c)(3)(v) further requires.

We reject the government's lack-of-jurisdiction argument because it is based on our holding in *Ramani v. Ashcroft*, 378 F.3d 554 (6th Cir. 2004), which was abrogated by the Supreme Court after briefing was complete in this matter. In *Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1110 (2023), the Supreme Court held that § 1252(d)(1)'s exhaustion requirement is not jurisdictional.

But the fact remains that Wu failed to present his argument for an exception under § 1003.2(c)(3)(v) to the BIA, and there can be no abuse of discretion if the BIA failed to consider an issue that was never before it. Although 8 U.S.C. § 1252(d)(1) does not set forth a jurisdictional prerequisite, the Supreme Court still treats the provision as a claim-processing rule, *Santos-Zacaria*, 143 S. Ct. at 1114 (finding § 1252(d)(1) simply provides "the method by which the jurisdiction granted the courts by Congress is to be exercised" (quoting *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004)).

Wu argues that he presented his § 1003.2(c)(3)(v) argument by citing § 1003.2 and through the general language in his briefing, which, he asserts, argued for an exception from the time and number bars. Reply Br. 2. He also notes that the BIA's decision specifically found that his motion did "not fall into any exception to these restrictions." *Id.* (quoting AR 3). But Wu's opening brief before the BIA only cited § 1003.2(c) in stating his motion was pursuant to this subsection in light of "new evidence that is material and was not previously available." AR 29. And Wu's reliance on § 1003.2(c)'s general standard for reopening cases is not sufficient to raise an argument for the exception under § 1003.2(c)(3)(v). Further, Wu's opening brief did not mention the time or number bars, nor did it make any argument for an exception, except to the extent the brief mentions

that Wu originally asked that the Department of Homeland Security join his motion, which would have triggered a different exception. *See* 8 C.F.R. § 1003.2(c)(3)(iii).

Wu's reply brief before the BIA does not help either. There, he responded to the government's time-bar argument by arguing the BIA should exercise its sua-sponte authority, after noting that the time and number bars do not apply if a motion is jointly filed or if the BIA reopens sua sponte. And he responded to the government's number-bar argument by explaining that he was not moving to reopen by challenging an in-absentia order; rather, he explained, he moved to reopen based on "material evidence that did not exist at the time of the hearing." AR 18. But, again, this is merely the general standard for reopening under § 1003.2(c). *See id.* § 1003.2(c)(1) (requiring that motion to reopen demonstrate that new evidence is "material and was not available" previously). Wu made no reference to any of the specific requirements of § 1003.2(c)(3)(v), such as vitiating all prior grounds for removal, agreement of a three-member panel, or his diligence in pursuing the motion. *Cf. id.* § 1003.2(c)(3)(v)(A) and (B). Although the BIA generally stated that his motion did "not fall into any exception" to the time and numerical restrictions, Wu gave the BIA no reason to consider specifically whether he was eligible for an exception under § 1003.2(c)(3)(v), and we have no record or reasoning to review this issue.

We note as well that Wu has failed to show that he satisfies § 1003.2(c)(3)(v)'s prerequisites because he does not show "[a] material change in fact or law . . . that vitiates all grounds of removability applicable to [him]." The 1996 deportation order found Wu deportable under I.N.A. § 241(a)(1)(B), which is now § 237(a)(1)(B), and although the new I-140 petition appears to make Wu eligible for relief under I.N.A. § 245(i), that mere eligibility does not vitiate the prior finding of deportability. Nor has he adequately addressed § 1003.2(c)(3)(v)'s other prerequisites.

**IV.**

Wu next argues that the BIA abused its discretion by failing to consider his eligibility for status adjustment as a favorable factor in deciding whether to exercise its sua-sponte authority to reopen his proceedings. The BIA explained that it "will generally not grant a motion to reopen sua sponte that is 'based on equities that were acquired while [the noncitizen] remained illegally in the United States after being ordered removed.'" AR 3 (quoting *H-Y-Z-*, 28 I. & N. Dec. at 161). Wu asserts that this contradicted BIA precedent and that we "must follow [our] sister circuits in asserting jurisdiction to review constitutional claims and legal errors that arise from denials of motions to reopen *sua sponte*." Petitioner's Br. 3, 8-9.

We generally lack "jurisdiction to review the BIA's decision to refrain from exercising" its sua-sponte authority. *Rais*, 768 F.3d at 464. However, even if we considered such claims based on constitutional issues and legal errors, *see Singh v. Garland*, No. 21-3812, 2022 WL 4283249, at *9 (6th Cir. Sept. 16, 2022) (finding jurisdictional issue "debatable" and sidestepping); *Hermiz v. Garland*, 848 F. App'x 184, 187 (6th Cir. 2021) (same), there was no conflict with prior decisions here. The BIA based its decision on directly applicable precedent, *see H-Y-Z-*, 28 I. & N. Dec. at 161, which in turn relied on its longstanding policy against using its sua-sponte authority "as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship," *see In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997). Wu's citation to *In re X-G-W-*, 22 I. & N. Dec. 71 (B.I.A. 1998) is unhelpful because that case involved "significant changes" to asylum law, and Wu makes no argument about any comparable significant change in law with respect to his request for sua-sponte relief. And *In re M-S-*, 22- I. & N. Dec. 349 (B.I.A. 1998) is unhelpful because that case did not involve the BIA's sua-sponte authority.

**V.**

For the reasons stated, we DENY relief.